## Callihan Appeal

*Wm. H. Robinson,* for appellant.

GIBSON, P. J., March 1, 1950.—In chronological order of the events, on May 25, 1944, appellant made an application for a learner's permit when he was about a month over the age of 15 years. This permit was issued but his deficiency in age was discovered and no operator's permit was issued.

Appellant was prosecuted for this, and, on July 13, 1944, was convicted, in the juvenile court, of being a delinquent for filing this application misstating facts. A fine of $10 and the costs were directed to be paid, and he was required to "surrender the learner's permit now in his possession until such time as he reaches the required age for securing such a permit".

On May 25, 1945, appellant again made an application for a learner's permit in which he answered "No" to the question, "Have you ever been convicted of any violation in the operation of a motor vehicle or any crime in the commission of which a motor vehicle was used?" On this application a learner's permit was issued, the required examination was taken, and an operator's license was issued sometime during 1945, the date not being given.

A permit was issued to operate a motor vehicle in the years 1946, 1947, 1948 and 1949.

On June 13, 1949, at the instance of the department, an information was made against appellant charging him with having made a false statement in his application for a learner's permit on May 25, 1945, more than four years after the offense was supposed to have been committed; whereupon, on the advice of the alderman, before whom the information was made, appellant did not demand a hearing but paid the alderman the sum of $103.88. In addition to this, appellant was cited by the Director of Highway Safety to appear for a hearing on November 16, 1949, following which hearing on the misstatement of facts on May 25, 1944, or 1945—it is impossible to tell which—this appellant's

right to operate a motor vehicle was suspended for a period of one year from December 8, 1949. What other conditions were imposed is impossible to ascertain since the notices served on appellant and the notice from the files of the department are materially different. There is no evidence of when notice of this suspension was given to appellant.

On January 3, 1950, appellant appealed from the order of suspension and a hearing was held on this appeal on this date, namely, February 9, 1950, which was a continuance of the hearing fixed for February 6, 1950, the continuance being at the instance of the Commonwealth.

After hearing the witnesses, we have reached the following conclusions:

1. Appellant, by his application in 1944, when he was not of the required age for receiving a learner's permit, violated the law, for which he was punished by the juvenile court. (See May sessions, 1944, no. 28, Quarter Sessions of Washington County, juvenile department.)

2. With reference to the application for learner's permit executed May 25, 1945, the answer to question 4 in the application, where appellant answered "No" to the question "If you have never been issued a license, has your right to apply for such license or your privilege to operate in this or any other State ever been suspended or revoked?" we think was a misstatement which could have been easily ascertained from the records, because the juvenile court had required the surrender on a previous occasion and had suspended appellant's right to apply until he had reached lawful age. We do not see any misstatement in the other answers. An operator's permit was issued after the examination as above stated, and they continued to be issued to appellant until the operator's permit was lifted by the State police in June of 1949.

3. The prosecution of appellant before Alderman Louis Pergola, on which information was made June 13, 1949, charging the misstatement contained in the application of May 25, 1945, was a proceeding in violation of law long after the statute of limitations had expired. No appeal having been taken from this prosecution, it is now concluded. Notwithstanding this, it was unjust and unlawful.

4. The hearing before the department's representative on November 16, 1949, for a "misstatement of facts" more than four or five years after the alleged misstatement had been made—depending on what misstatement is referred to—and the order of suspension from December 8, 1949, for a period of one year, when in fact the operator's permit had been lifted many months before, has too much the appearance of persecution. Especially is this so when it is borne in mind that penalties had been imposed and collected for the misstatement made in 1944 and for the misstatement alleged to have been made in 1945.

5. On the appeal being filed, we ordered that the order of suspension be stayed pending the disposition of the appeal so that the status quo might be maintained.

6. It appears that notwithstanding our order of supersedeas and notwithstanding appellant had the right to appeal within 30 days from the date of notice of the suspension, and that he did appeal within that time, we note that in a letter of the department dated January 10, 1950, to William J. Robinson, attorney for appellant, the department reported that it has voided all the license files of appellant and demanded a fee for a learner's permit and the required examination following that. In the first place, we do not think the department had any power or authority to revoke appellant's operator's permit for the year 1949, and

that its conduct in the prosecution of appellant in 1949, its hearing before the department's representative in 1949, and its action in revoking the permit were unjust and unreasonable. As we have stated before, at least a part of this proceeding was unlawful.

7. We also reach the conclusion that the voiding of appellant's records pending the time when he had the right to appeal, and notwithstanding the court's order of supersedeas, was unreasonable and in violation of law and the department should be required to reinstate those records in the same condition they were on November 16, 1949.

8. The demand of the Department of Revenue that appellant pay a fee for a learner's permit and take an examination, as contained in its letter to William H. Robinson, appellant's attorney, while this appeal was pending, is arbitrary and unreasonable, where it is not claimed there is any change in appellant's capacity or fitness to operate a motor vehicle lawfully as he has done during at least a part of 1945, and all of 1946, 1947, 1948, and until his certificate was unlawfully taken from him in 1949.

And now, February 9, 1950, the appeal of John A. Callihan from the order of the Department of Revenue, Bureau of Highway Safety, suspending his operator's privilege for the period of one year from December 8, 1949, is hereby sustained and the order of revocation is reversed and set aside; and it is hereby determined that appellant, John A. Callihan, is not subject to suspension of operator's license and is not to be deprived of the privilege of applying for an operator's license for the years subsequent to 1949 for any of the reasons set forth in the order of the Secretary of Revenue suspending his operating privileges for one year from December 8, 1949.